PARKER (WOODCOCK v.).   See Case No. 17,971.

PARKER, THE GEORGE H.   See Case No. 5,334.

PARKER, THE JAMES D.   See Case No. 7,193.

## Case No. 10,753.

### THE PARKERSBURGH.

[5 Blatchf. 247; 1 2 Int. Rev. Rec. 63.]

Circuit Court, S. D. New York. Aug. 22, 1865.

COLLISION — COMPETENCY OF LOOKOUT — PROPER PLACE—LIGHTS—APPORTIONMENT OF DAMAGES—COSTS.

1. The officer in charge of the navigation of a vessel is not a competent lookout.

2. The pilot house is not the proper place for a lookout.

3. A sailing vessel which discovers a steamer approaching her at night ought to exhibit a light, or she will be held in fault if a collision occurs between her and the steamer.

[Cited in The City of Savannah, 41 Fed. 893, 894.]

4. Damages apportioned, because both vessels were in fault.

5. Both parties having appealed, and the decree being affirmed, no costs of appeal were allowed to either party.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, by the owner of the schooner J. R. Price, against the steamer Parkersburgh, to recover damages for a collision which occurred between the two vessels, on the morning of the 10th of April, 1859, before day light, some eight miles below Barnegat, on the coast of New Jersey, and three or four miles from shore. The district court decreed that both vessels were in fault, and apportioned the damages [case unreported], and both parties appealed to this court.

Daniel D. Lord, for libellant.

John E. Parsons, for claimant.

NELSON, Circuit Justice. The steamer was on her way from New York to Baltimore; the schooner from Brandywine, Delaware, to New Haven. The night was somewhat cloudy, and the weather hazy. The moon, which had shone through the clouds, was about setting at the time of the collision. The wind was light, so that the schooner had very little motion in the water. There was no light exhibited on the schooner, though she had seen the steamer several miles before the accident.

The steamer was in charge of the second mate, and his watch consisted of himself and two hands, one of whom was at the wheel, and the other on deck as a lookout. At and before the collision, the lookout had been sent

to a house at the stern to get the line ready to throw the lead, and was thus engaged at the moment it occurred. The only lookout at the time was the second mate, who was in the pilot house, and had the care and management of the navigation of the vessel. This pilot house was between forty and fifty feet from the bow of the steamer.

I have frequently held, that the officer in charge of the navigation of the vessel is not a competent lookout, as his various duties, as officer of the deck, are incompatible with the undivided attention exacted of a lookout in the discharge of duty; and, also, that the pilot house is not the proper place for the lookout. I think it clear, therefore, for these reasons, that the steamer was in fault.

I also think the schooner was in fault for not showing a light, especially after discovering the steamer, which the hands saw was approaching them.

I concur, therefore, with the court below, that the damages should be apportioned, and affirm the decree. No costs are allowed either side, as each party has appealed.